**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1132**

---

TRUSTEES OF THE PLUMBERS AND PIPEFITTERS
NATIONAL PENSION FUND,

                                        Plaintiff - Appellee,

        versus

VIRGINIA ROSE SPRAGUE,

                                        Defendant - Appellant,

        and

BESSIE GENEVA SAXON,

                                                Defendant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (1:06-cv-00903-LMB)

---

Submitted:  September 21, 2007      Decided:  October 16, 2007

---

Before WILKINSON and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

Virginia Rose Sprague, Appellant Pro Se.  John Robert Harney,
O'DONOGHUE & O'DONOGHUE, Washington, D.C., for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virginia Rose Sprague appeals from the district court's order granting the motion for summary judgment filed by the Board of Trustees of the Plumbers and Pipefitters National Pension Fund ("Trustees") in this interpleader action and requiring Sprague to pay the Trustees' fees and costs. We have reviewed the record and find no reversible error in the district court's finding that the pension benefits at issue were properly paid to Bessie Saxon rather than Virginia Sprague. Accordingly, we affirm that ruling for the reasons stated by the district court. See Bd. of Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Saxon, No. 1:06-cv-00903-LMB (E.D. Va. Jan. 5, 2007). However, for the reasons stated below, we vacate the district court's order requiring Sprague to reimburse the Trustees for their attorney's fees and costs.

In awarding attorney's fees, the district court relied primarily on its discretionary authority to reimburse a plaintiff's fees and costs in an interpleader action.* Despite the lack of an

---

*The district court, in the alternative, ordered Sprague to reimburse the Trustees' expenses pursuant to 29 U.S.C. § 1132(g)(1) (2000), which provides that in an action under the Employee Retirement Income Security Act of 1974, ("ERISA"), a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." This court has held that only a prevailing party is entitled to consideration for attorney's fees in an ERISA action. Martin v. Blue Cross & Blue Shield of Va., Inc., 115 F.3d 1201, 1210 (4th Cir. 1997).

To qualify as a "prevailing party," a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail . . . even an award of nominal damages suffices under this test." Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d

express reference in the federal interpleader statute to costs or attorney's fees, federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward. See First Trust Corp. v. Bryant, 410 F.3d 842, 856 (6th Cir. 2005) (noting that courts have relied on federal interpleader statute, 28 U.S.C. § 2361, as a basis for fee recovery); see also Trs. of Directors Guild of America - Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426-27 (9th Cir. 2000); Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999); Septembertide Publ'g, B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989); Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1497-98 (11th Cir. 1986); Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962).

While an interpleading plaintiff may be reimbursed for its costs at the district court's discretion, we find that the award in this case was in error. Specifically, the district court held Sprague liable for reimbursement of the Trustees' attorney's fees and costs. While some courts have held that losing parties

440, 454 (4th Cir. 2004) (quotation and citation omitted). In this case, the Trustees filed a complaint in interpleader, stating that they were an innocent stakeholder with no claim to the benefits at issue. Even though the district court granted the Trustees' motion for summary judgment, the only party that directly benefitted from that decision was Bessie Saxon; the Trustees merely continued to pay her monthly benefits as they had previously. Because the Trustees received no relief or benefit as a result of the district court's ruling, they cannot be deemed a "prevailing party" and therefore cannot recover their attorney's fees and costs under § 1132(g)(1).

can be held responsible for the interpleading plaintiff's fees and costs, this option has been applied only "when their conduct justifies it." See Septembertide, 884 F.2d at 683 (citing Boyd, 781 F.2d at 1498). Even if we were to conclude that a losing party could be held accountable for the interpleading plaintiff's costs, there would be insufficient grounds for imposing such liability in this case. The district court held that Sprague "unnecessarily forced" the Trustees to bring this interpleader action, and that following her initial objection, she failed to take further action to support her claims, outside of a "pro forma answer to the interpleader action and an affidavit restating her initial assertions." However, we cannot conclude that Sprague's conduct in this matter constituted bad faith, fraud, or otherwise justified an award of attorney's fees. See Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 641 (4th Cir. 1995) (mere negligence or error does not constitute bad faith in determining whether to award attorney's fees). Sprague filed an answer to the interpleader complaint, and following the Trustees' motion for summary judgment, filed an affidavit that reiterated why she believed she was entitled to the pension benefits. Additionally, in a letter to the parties regarding their final decision on the benefits, the Trustees recognized that a court could be persuaded by Sprague's claim that her 1984 divorce decree and property settlement agreement required the pension fund to treat her as the pension beneficiary.

Considering that the Trustees' own ruling indicated to Sprague that her claim might have merit, it does not appear that Sprague "unnecessarily forced" the Trustees to bring an interpleader action. Therefore, we hold that Sprague should not be held responsible for the Trustees' attorney's fees or costs.

We note that fee awards are generally drawn from the interpleaded fund itself, not from the losing party, see Bryant, 410 F.3d at 856; Tise, 234 F.3d at 427; Septembertide Publ'g, B.V., 884 F.2d at 683; Boyd, 781 F.2d at 1498; Ferber Co., 310 F.2d at 467, and that, in this case, the Trustees' motion for summary judgment specifically requested that the fees be drawn from the interpleaded funds, not from Sprague. We leave for the district court on remand the question of whether the Trustees are entitled to recover fees and costs from the interpleaded fund itself.

Accordingly, we affirm the district court's grant of summary judgment upholding the Trustees' award of benefits to Saxon, vacate the order requiring Sprague to reimburse the Trustees for their attorney's fees and costs, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>
VACATED IN PART,<br>
AND REMANDED